# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REGINALD PATRICK MCCRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-2559 JMB |
| ) | |
| ST. LOUIS CITY JUSTICE CENTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Reginald Patrick McCray, an inmate at the St. Louis City Justice Center, for leave to proceed in forma pauperis in this civil action. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $16.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has filed an affidavit in support of his motion to proceed in forma pauperis. In his affidavit, he states he has a $254.00 balance in his prison account. He states he had received $80.00 per month from a work program at his facility, but that the work program ended September 20, 2017. He does not attach to the motion the required certified copy of his prison account statement showing the amount of money on deposit during the last six months. In a correspondence attached to the complaint, he states that he has requested his prison account statement from "G. Beckum," the case worker at the jail, but Mr. Beckum has refused several times to provide the account statement. Plaintiff states, "I believe [Mr. Beckum] knows I'm trying to file these papers and it's his way of stopping me!"

The Court has no information regarding the average balance of plaintiff's prison account or the amount of monthly deposits plaintiff will earn after September 20, 2017. Based on the information in plaintiff's affidavit, the Court will require plaintiff to pay an initial partial filing fee of $16.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.")

### 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and

2

"[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff, an inmate at the St. Louis City Justice Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendant St. Louis City Justice Center. Plaintiff alleges that on April 6, 2017, as he was attempting to climb down the ladder of his bunk bed, he slipped off the bottom step and injured his knee. He states he was sent to St. Louis University Hospital emergency room, where he was told his knee would require surgery. He states that he has been awaiting surgery for more than six months, and is using a walker to ambulate.[1]

Plaintiff seeks to have the St. Louis City Justice Center install grips on the steps of the bunk bed ladder. He also seeks one million dollars in damages for his medical bills and for his future lost income.

---

[1] The Court notes that plaintiff has filed two lawsuits arising out of this incident. The second case, 4:17-CV-2558 DDN (E.D. Mo. filed Oct. 6, 2017), is brought against Corizon Health Care, and seeks damages arising out of plaintiff's medical care and treatment following the accident.

3

**Discussion**

Upon review, Plaintiff's complaint will be dismissed. Relevant precedent establishes that a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Therefore, plaintiff's claim against the St. Louis City Justice Center fails as a matter of law. *See Ballard v. Missouri*, Case No. 4:13-CV-528 JAR (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities"); *see also Wallace v. St. Louis City Justice Ctr.*, Case No. 4:12-CV-2291 JAR (E.D. Mo. Jul. 17, 2013) (dismissing claims against the St. Louis City Justice Center because it is not a suable entity).

In addition, even if the Court were to liberally construe plaintiff's allegations as brought against the City of St. Louis and substitute the municipality as defendant, plaintiff's allegations would not state a claim of municipal liability. Liability under § 1983 may attach to a municipality if the constitutional violation resulted from: (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978), *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *see also Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (explaining that under § 1983, the plaintiff must demonstrate either that the municipality had a policy or custom that caused the constitutional violation or that the municipality or municipal employee exhibited deliberate indifference to the plaintiff's constitutional rights by failing to adequately train or supervise its employees) (citing *City of*

4

*Canton*, 489 U.S. at 378-92). Plaintiff has not alleged any unlawful actions were taken pursuant to a policy or custom of the City of St. Louis.

Having carefully reviewed the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), because it is legally frivolous and fails to state a claim or cause of action against the named defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $16.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2017.